1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9    UNITED STATES OF AMERICA,                    Case No. CR16-109RSL

10                   Plaintiff,                   ORDER DENYING
                                                  DEFENDANT'S MOTION
11           v.                                   FOR COMPASSIONATE
                                                  RELEASE
12   ERIC BONGIORNI,

13                   Defendant.

14

15           This matter comes before the Court on defendant's *pro se* motion for compassionate

16   release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. # 47) and the supplemental memorandum

17   submitted by appointed counsel (Dkt. # 54). Having considered the motion and the record

18   contained herein,[1] the Court finds as follows:

19   **I.      BACKGROUND**

20           Defendant is a 36-year-old inmate currently incarcerated at Sheridan Federal Correctional

21   Institution ("FCI Sheridan"). Dkts. # 54 at 2, # 59 at 3. On February 23, 2017, defendant pled

22   guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and

23   possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). Dkt. # 27. On

24   May 19, 2017, the Court sentenced defendant to a 180-month prison term and a lifetime term of

25   supervised release. Dkt. # 42. Defendant is currently scheduled for release from the custody of

26

27           [1] The Court finds compelling reasons justify sealing defendant's medical records (Dkt. # 66).
28   The government's motion to seal (Dkt. # 65) is accordingly GRANTED.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 1

the Federal Bureau of Prisons ("BOP") on January 1, 2029. Dkts. # 54 at 2, # 59 at 3. He now moves for compassionate release.

## II.   LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction;  . . .
>>>>
>>>> (ii)  . . .
>>>>
>>>> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> > (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> >
> > (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) **Medical Condition of the Defendant**—
>
>    > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 3

(i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

  (I) suffering from a serious physical or medical condition,

  (II) suffering from a serious functional or cognitive impairment, or

  (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 4

imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13. The Ninth Circuit has held that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." United States v. Aruda, 993 F.3d 797, 798 (9th Cir. 2021). The Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding. Id.; see United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3–5 (W.D. Wash. May 29, 2020) (referring to the guidance of U.S.S.G. § 1B1.13 as "persuasive, but not binding").

## IV.   DEFENDANT'S CIRCUMSTANCES

### a. Exhaustion Requirement

Prior to considering the merits of defendant's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant satisfied this requirement. Dkts. # 54 at 2, # 59

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 5

at 5. On May 11, 2020, defendant submitted a request for compassionate release to the Warden at FCI Sheridan, and he does not appear to have received a response. Dkt. # 54-1. Because thirty days have lapsed since the request was presented to the Warden, the Court finds that defendant has exhausted his administrative remedies, and the Court will consider the merits of his motion for compassionate release.

### b. "Extraordinary and Compelling" Circumstances

Defendant's motion for compassionate release is based on his argument that he is at heightened risk for developing serious complications if he contracts COVID-19 while incarcerated at FCI Sheridan. The Court need not reiterate the widely known information regarding the symptoms of COVID-19 and the devastating global impact of the virus. COVID-19 has created unprecedented challenges for federal prisons, where inmate populations are large and close contact between inmates is unavoidable. As of June 11, 2021, the BOP reports 99 federal inmates and 132 BOP staff have active, confirmed positive COVID-19 test results. See COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 11, 2021). Since the BOP reported its first case in late March 2020, at least 238 federal inmates and four BOP staff members have died from the virus. Id. FCI Sheridan currently reports 32 inmates and five staff with active, positive COVID-19 test results. Id. BOP has classified 51 inmates and 13 staff at FCI Sheridan as having "recovered" from the virus and one inmate as having died from it. Id. The Court acknowledges that the COVID-19 outlook is not as bleak as it was last spring now that vaccine distribution is underway. See COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited June 11, 2021) (reflecting that 883 inmates are vaccinated at FCI Sheridan). A little more than half of FCI Sheridan's inmate population is now vaccinated. See FCI Sheridan, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/she/ (last visited June 11, 2021) (reflecting a population of 1,566 total inmates).

Defendant claims that he is more vulnerable to COVID-19 because of his overweight condition and history of lung disease. Dkt. # 54 at 2–5. The CDC has identified overweight and

chronic lung disease as conditions that can make a person more likely to get severely ill from COVID-19. See People with Certain Medical Conditions, CDC (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 11, 2021). BOP medical records reflect that, as of August 2019, defendant had a BMI of 26.5. Dkt. # 55 at 1 (reflecting defendant's height as 71 inches and weight as 190 pounds); Healthy Weight, Nutrition, and Physical Activity, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited June 11, 2021). The more recent BOP medical records submitted by the government, however, reflect that as of April 13, 2021, defendant had a BMI of only 25. Dkt. # 66 at 2 (reflecting defendant's weight as 179 pounds); Healthy Weight, Nutrition, and Physical Activity, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited June 11, 2021). The CDC has identified a BMI above 25 as a risk factor for severe illness from COVID-19. See People with Certain Medical Conditions, CDC (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 11, 2021). Dkt. # 59 at 7. Thus, defendant is on the borderline between normal weight and overweight.

Defendant's history of lung disease is not reflected in BOP medical records and is instead based only on defendant's declaration. Defendant alleges that he has scarred lungs caused by untreated pneumonia during his childhood. Dkt. # 54-2. Given the specificity with which defendant describes his history of lung problems, id., the Court finds these allegations credible, but the extent to which defendant currently suffers from lung disease is unclear due to the lack of documentation offered by defendant.

The government accurately asserts that the CDC has advised that age increases risk, and defendant is still at the relatively young age of 36. Dkt. # 59 at 7. Moreover, the government has offered BOP records documenting that defendant has received both doses of the Moderna vaccine for COVID-19. Dkt. # 66 at 21. "According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials." United States

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 7

v. Smith, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) (citing Information About the Moderna COVID-19 Vaccine, CDC, https://www.cdc.gov/coronavirus/ 2019-ncov/vaccines/different-vaccines/Moderna.html). "Courts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release." United States v. Nash, No. CR-03-00059-001-PHX-JAT, 2021 WL 1969729, at *3 (D. Ariz. May 6, 2021) (citing United States v. Cortez, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) (denying compassionate release because defendant had received vaccine); United States v. Grummer, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (same)). Given that defendant's health conditions related to severe illness associated with COVID-19 are either on the borderline or lack documentation, that defendant is relatively young, and that he is now vaccinated, the Court finds that defendant has not established "extraordinary and compelling" circumstances to justify compassionate release. Therefore, defendant's motion for compassionate release must be DENIED.

### c. Additional Considerations

Even if the Court were to find that "extraordinary and compelling" circumstances exist here for the Court to consider a reduction in defendant's sentence, additional considerations lead the Court to deny defendant's motion. Courts must assess whether a sentence reduction to time served is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Relevant factors include: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; to adequately deter criminal conduct; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a); see also United States v. Grimes,

No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing relevant factors). Here, the Court finds that the sentencing factors weigh against compassionate release.

Defendant cites United States v. Grubbs, CR16-228 TSZ, 2020 WL 3839619 (W.D. Wash. July 8, 2020), as an example of a case from this district where the Court granted compassionate release for an individual who was sentenced to nine years for receiving child pornography and who was released after serving less than three years of his sentence. The records and circumstances of Mr. Grubbs and defendant are sufficiently dissimilar, however, such that declining to grant defendant's request would not create an unwarranted sentence disparity. Mr. Grubbs' offense carried a mandatory minimum term of only five years "reflecting that, although Congress is concerned about this type of behavior, the conduct is not considered as dangerous and/or heinous as offenses associated with longer mandatory minimum sentences." Grubbs, 2020 WL 3839619, at *3. Mr. Grubbs also had no other criminal history, he was 72 years old with many documented medical conditions, including suffering from lingering effects of COVID-19, and his case was before the Court before vaccine distribution was underway. Id. at *1. In contrast, here, defendant is a repeat offender and the applicable mandatory minimum term is fifteen years. PSR ¶ 58. And defendant's health does not appear to be in nearly as much jeopardy as Mr. Grubbs had been, given their differences in age, health, and vaccination access. In short, Grubbs is distinguishable from the instant case.

Defendant also contends that because he has a state custodial sentence and a required evaluation by the Indeterminate Sentence Review Board of the state Department of Corrections before release, that any public safety concerns will be adequately addressed via the state process. Dkt. # 54 at 7–8. Although these public safety concerns may be somewhat mitigated by the outstanding state sentence, other § 3553(a) factors still cut against release. The nature and circumstances of defendant's crime were very serious. Defendant admitted to using a file sharing network to trade child pornography since at least 2003, and he collected as many as 10,000 images and up to 200 videos of child pornography. PSR ¶ 11. The videos included sexual abuse of prepubescent females by adult males. PSR ¶¶ 8–9. Notably, defendant continued to collect and distribute child sexual abuse imagery while he was on supervision for a child

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 9

molestation offense and undergoing sexual deviancy treatment. See PSR ¶ 50 (reflecting that defendant participated in sex offender treatment after being arrested for child molestation in 2009). The need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence disfavor granting compassionate release here. The Court finds that granting compassionate release would not be consistent with the sentencing factors set forward in § 3553(a). The Court therefore DENIES defendant's motion for compassionate release.

### III.   CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkts. # 47, # 54) is DENIED. The government's motion to seal (Dkt. # 65) is GRANTED.

IT IS SO ORDERED.

DATED this 14th day of June, 2021.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 10